IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON WHEAT, #004889, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:24-cv-01297-K (BT) |
| | § | |
| JOHN CREUZOT, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Brandon Wheat—who was incarcerated in the Martin County Jail in Stuart, Florida at the time he initiated this action—seeks federal habeas relief under 28 U.S.C. § 2254. *See* ECF No. 3 at 1. Because Wheat did not pay the $5.00 filing fee or apply for leave to proceed *in forma pauperis* (IFP) with the required certificate of inmate trust account, the Court issued an order and notice of deficiency (NOD) requiring him to correct these deficiencies by July 2, 2024. ECF No. 4. The Court warned Wheat that his failure to comply with the NOD could result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

The NOD and other standard documents sent to *pro se* prisoner litigants upon the opening of a civil case were returned to this Court as undeliverable because Wheat is no longer incarcerated in the Martin County Jail. ECF Nos. 5, 6. Wheat has not provided the Court with his current address. In fact, he has not

communicated with the Court in any way since he filed the petition that initiated this case.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Here, in contravention of the local rules of this Court, Rule 41(b), and the Court's standard instructions to *pro se* prisoners, Wheat has failed to keep the Court apprised of his address. *See* ECF No. 2 ("Instructions to a Prisoner *Pro Se* Plaintiff"); *Thompson v. Beatty*, 2023 WL 5311518, at *1 (N.D. Tex. July 28, 2023) ("Under Rule 41(b), the plaintiff has a duty to keep the Court apprised of any address changes."), *rec. accepted* 2023 WL 5312210 (N.D. Tex. Aug. 17, 2023) (citing *Lewis v. Hardy*, 248 F. App'x 589 593 n.1 (5th Cir. 2007)); N.D. Tex. Civ. R. 1.1 (c)(2), 83.13, and 83.14.

2

Given these circumstances, this case cannot proceed because the Court cannot communicate with Wheat. As a result, the Court should dismiss Wheat's case without prejudice for failure to prosecute and failure to follow Court orders.

## Recommendation

The Court should dismiss Wheat's case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey Court orders.

SO RECOMMENDED.

Dated August 15, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.